IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES S. KROLICK, | : |
| Plaintiff, | : |
| v. | : Civ. No. 06-139-LPS |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | : |
| Defendant. | : |

MEMORANDUM ORDER

Plaintiff James S. Krolick ("Krolick") has filed a motion to alter the judgment of the Court's August 18, 2008 Memorandum Opinion (D.I. 32) ("Motion to Alter Judgment"). Defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), filed a Response in Opposition to Plaintiff's Motion to Alter Judgment. (D.I. 33) Thereafter, Krolick filed his Reply in Support of his Motion to Alter the Judgment. (D.I. 34) The Court has considered the Motion to Alter Judgment and the response and reply thereto. For the reasons set forth below, the Motion to Alter Judgment is denied.

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) which is timely filed and challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion for reconsideration under Delaware Local Rule 7.1.5. *See Corning Inc. v. SRU Biosystems*, 2006 WL 155255, at *3 (D. Del. Jan. 20, 2006). Motions for reconsideration should be granted sparingly and may not be used to rehash arguments which

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted for the former Commissioner, Jo Anne B. Barnhart.

have already been briefed by the parties and considered and decided by the Court. *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Such motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *See, e.g, Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1240. However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. *See Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at *3 (D. Del. Sept. 22, 2006).

A court may alter or amend the judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Krolick argues that in granting the Commissioner's Motion for Summary Judgment (D.I. 21) the Court erred in its conclusion that substantial evidence supported the Commissioner's decision that Krolick could perform a reduced range of sedentary work and was not, therefore, disabled. Krolick contends that this holding was improper because the Administrative Law Judge's ("ALJ") hypothetical question to the vocational expert did not incorporate the limitations noted by Dr. Swaminathan, who consulted with Krolick after the conclusion of the administrative hearing.

Krolick has failed to show that a change in this Court's judgment is warranted. Although the ALJ did not include Dr. Swaminathan's express findings in her hypothetical

question to the vocational expert -- because those findings were made after the administrative hearing -- the ALJ credited Dr. Swaminathan's conclusions in her ruling to the extent that they were consistent with all of the credible evidence in the medical record. The ALJ determined in light of the record as a whole that Dr. Swaminathan's findings suggested a capacity for sedentary work. Because this limitation was previously noted in her hypothetical question to the vocational expert, it was not necessary for the ALJ to reexamine the vocational expert and amend her hypothetical question to include specifically Dr. Swaminathan's medical opinion.

Accordingly, it is hereby ORDERED that Krolick's Motion to Alter Judgment (D.I. 32) is DENIED.

Dated: November 3, 2008

_____
Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE